IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | |
| Plaintiff, | ) | JURY DEMANDED |
| | ) | |
| v. | ) | 1:09-cv-8067 |
| | ) | |
| WEST ASSET MANAGEMENT, INC., | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

**CLASS ACTION**

1.      Plaintiff Nicholas Martin brings this action to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and implementing regulations and orders, and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

2.      The defendant debt collection agency West Asset Management, Inc. ("West" or "defendant") called plaintiff repeatedly using an automatic voice dialing system and prerecorded voice message, including multiple calls after plaintiff requested validation of the alleged debt pursuant to 15 U.S.C. §1692g.  Further, the initial communication between plaintiff and West was a telephone call, where West did not disclose that information it obtained would be used for collection purposes in violation of 15 U.S.C. § 1692e(11).

**JURISDICTION AND VENUE**

3.      This Court has federal question subject matter jurisdiction over the FDCPA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.   The Court has federal question jurisdiction and Class Action Fairness Act jurisdiction over the TCPA claims.  *Brill v. Countrywide*

*Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). There is also supplemental jurisdiction under 28 U.S.C. § 1367, if *Brill* were to be overruled or abrogated for some reason, because the TCPA claims form part of the same case or controversy as the FDCPA claims.

4.      Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

5.      Plaintiff is an individual who resides in this District.

6.      West Asset Management, Inc. is a debt collection agency that does business in this District. Its registered agent is Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield, IL. Its headquarters are in Marietta, Georgia.

## FACTS

7.      West called plaintiff's cell phone in an attempt to collect an alleged debt on October 13, 2009 at 3:42 pm, and left the following voice mail message:

> **Hi this is for Nicholas Martin. This is Mike Dufrees calling from West Asset Management. I do need a return call. The toll free number is 1-866-793-6030.**

8.      On October 13, 2009, West also sent plaintiff a written communication with the date October 13, 2009 on it through the United States Mail. That letter contains language intending to satisfy the requirements of 15 U.S.C. §§ 1692g, and 1692e(11). The postmark on this letter is October 14, 2009.

9.      Plaintiff received the letter on October 20, 2009.

10.      The October 13, 2009, voice mail message was the initial communication between West and plaintiff.

2

11.     West called plaintiff's cell phone in an attempt to collect an alleged debt on

October 21, 2009 at 4:33 pm, and left the following voice mail message:

> **Nicholas, this is Vicky from West Asset Management.  Please return my call to 866-793-6030.  My extension is W15.**

12.     Plaintiff sent defendant a dispute letter pursuant to 15 U.S.C. §1692g on

November 9, 2009.  The letter states:

> **Ladies and Gentlemen:**
>
> **Please be advised that I dispute the claimed debt as described in your October 13, 2009, letter.**
>
> **Please provide any contract or agreement I signed and an account history showing how you arrived at the conclusion that l owe the amounts claimed.**
>
> **Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide copies of assignments and other documents showing that you or your principal is in fact the assignee of the debt described above and that you are legally authorized to attempt to collect the claimed debt from me.**
>
> **Unless and until such proof is furnished, I do not recognize any right on your part to attempt to collect any amount from me through any means whatever, including credit reporting. I refuse to pay any debt that has not been substantiated in the manner I request and direct you to cease further communications unless and until you can provide such substantiation.**
>
> **Sincerely,**
>
> **Nicholas Martin**

13.     According to the United States Postal Service, West received the letter on

November 12, 2009.

14.     Despite having received plaintiff's dispute letter, defendant continued calling

plaintiff on his cell phone, including calls with an automatic telephone dialing system and

3

prerecorded messages. Defendant made such calls to plaintiff both before and after having received the November 9, 2009, request for communication to cease.

15.     Upon information and belief, based upon plaintiff not having received such, defendant has never provided plaintiff with written verification of the alleged debt.

16.     West called plaintiff more than twenty times on plaintiff's cell phone using an autodialer. West used an automatic voice message in many of these calls.

17.     Upon information and belief, based upon Exhibit A, West uses the "Guaranteed Contacts" predictive dialer.

18.     West's Guaranteed Contacts dialer has the capability to dial telephone numbers without human intervention.

19.     West used its Guaranteed Contacts dialer to call plaintiff, whereby the predictive dialer, rather than a human being, dialed plaintiff's cell phone number.

20.     West used its Guaranteed Contacts dialer to call more than 1,000 other persons in the 630 and 847 area codes within four years of filing of this complaint, whereby the predictive dialer, rather than a human being, dialed the phone number. Upon information and belief, more than 100 of those numbers called were cell phone numbers.

21.     Upon information and belief, defendant has made and attempted to make telephone calls with its GC dialer to plaintiff's cellular telephone that plaintiff does not know about, such as abandoned calls or calls that were placed while plaintiff's cell phone was turned off.

22.     West also uses an automatic voice message system for some calls.

23.     For example, West made at least one call to plaintiff's cell phone that, when plaintiff answered, the system asked plaintiff whether he was Nicholas Martin, and instructed plaintiff to press a button on his telephone if the answer was "yes."

24.     Upon information and belief, West uses or used such a system for calls to more than 1,000 persons in the 630 and 847 area codes within four years of the filing of this complaint.

25.     Upon information and belief, more than 50 of those calls were to cellular telephones.

26.     Upon information and belief, West does not know for which people it called using its Guaranteed Contacts dialer it had the recipient's "prior express consent."

27.     Upon information and belief, West does not know for which people it called using a prerecorded or automatic voice message it had the recipient's "prior express consent."

## Count I - TCPA - Strict Liability

28.     Plaintiff incorporates all previous paragraphs.

29.     West violated the TCPA by calling plaintiff and others on their cell phones using an automatic telephone dialing system and/or prerecorded or automatic voice messages.

### Class Allegations

30.     Plaintiff brings Counts I, II and III on behalf of the same class, which consists of:

All natural persons whose cellular telephones have area codes of 630 or 847, who West called using an automatic telephone dialing system or an artificial or prerecorded voice, for whom West did not have consent to make such calls at the time of the call, where any call or message was made at any time on or after a date four years before the filing of this action.

31.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

        a.     Whether defendant used an automatic telephone dialing system and/or an artificial or pre-recorded voice within the meaning of the TCPA with respect to telephone calls to class members' cellular phones;

        b.     Whether such practices violate the TCPA; and

        c.     Damages.

32.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

33.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

34.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

35.     Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would

likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

36.     The identity of the class is likely readily identifiable from defendants' records.

37.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

(a)     Statutory damages of $500 per violation;

(b)     Any other relief the court deems proper.

## COUNT II – TCPA – Willful

38.     Plaintiff incorporates all previous paragraphs of this complaint.

39.     The violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, identified above when used in connection with collection of a consumer debt were willful.

40.     Plaintiff brings this Count on behalf of the same class as is identified in Count I. The difference is that this Count alleges that the violations were "willful" within the meaning of the TCPA, and thus justify enhanced damages of three times the statutory amount of $500, for $1,500 per call.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

(a)     $1,500 per violation;

(b)     Any other relief the court deems proper.

# Count III – TCPA – Injunctive Relief

41.     Plaintiff incorporates paragraphs 1 - 28 of this complaint.

42.     The TCPA prohibits the use of an automatic dialing system and/or prerecorded or artificial voice messages to make phone calls to cell phones.

43.     The TCPA 47 U.S.C. §227(b)(3), provides a private right of action for injunctive relief.

44.     Defendant has had a pattern and practice of making telephone calls in violation of 47 U.S.C. §227(b), including calls to plaintiff.

45.     Upon information and belief, defendant continues to call cell phones in violation of section 227(b), without regard to the TCPA.

46.     The defendant is likely to continue to violate the TCPA without an order enjoining it from doing so.

47.     Plaintiff brings Count III on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(2), for injunctive relief.  Plaintiff requests that the Court permanently enjoin defendant from making calls to cell phones using its dialer, and enjoin defendant from making calls to cell phones using an artificial or prerecorded voice messages, unless it can demonstrate the prior express consent of the called party to receive such calls.

48.     Plaintiff is entitled to have his rights, status and legal relations under the TCPA relating to West's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

49.     The class definition is identical and overlapping with the TCPA class in Count I.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendant for:

(a)     a permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

(b)     Any other relief the Court deems fit.

# Count  IV – FDCPA – Class Claim

50.     Plaintiff incorporates paragraphs 1-28 of this complaint.

51.     Upon information and belief, West has a pattern and practice of initiating telephone calls the same day, or soon after, it sends an initial written communication pursuant to 15 U.S.C. §1692g.

52.     Upon information and belief, West has a general telephone script that its collectors use when they speak with debtors, or when they leave messages on debtors' voice mail systems.

53.     Upon information and belief, West's general script for voice mail messages does not include the language for an initial oral communication required by 15 U.S.C.  § 1692e(11).

## Class Allegations

54.     Plaintiff brings Counts IV on behalf of a class, which consists of:

All natural persons in the 630 area code who West called and either spoke with the alleged debtor or left a message, at any time before and up to three days after it sent the letter required by 15 U.S.C. § 1692g, and did not state that information obtained during the conversation would be used for debt collection purposes, where the call was made any time within one year of the filing of this complaint.

55.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

  a.     Whether defendant's telephone script included the language required by 15 U.S.C. §1692e(11) for initial oral communications.

  b.     Whether such practices violate the FDCPA; and

  c.     Damages.

56.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

57.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

58.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

59.     Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would

likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

60.     The identity of the class is likely readily identifiable from defendants' records.

61.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

        (a)     Statutory damages;

        (b)     Attorney's fees and costs of suit; and

        (c)     Any other relief the Court deems proper.

# Count  V – FDCPA – Individual

62.     Plaintiff incorporates paragraphs 1-28 of this complaint.

63.     West contacted plaintiff after it received plaintiff's request that communications cease in violation of 15 U.S.C. §1692c.

64.     West persisted contacts with plaintiff even though it had received plaintiff's request for verification pursuant to 15 U.S.C. §1692g(b), and thus violated that section.

65.     The voice mail messages West left for plaintiff did not state that West is a debt collector in violation of 15 U.S.C. §1692e(11).

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

        (a)     Statutory damages;

        (b)     Attorney's fees and costs of suit;

(c)     Any other relief the Court deems fit.


                                        Respectfully submitted,


                                        /s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com


## JURY DEMAND


    Plaintiff demands trial by jury.


                                        /s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com


## DOCUMENT PRESERVATION DEMAND

    Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, recordings, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party in association with any account, call, message or file associated with plaintiff or the putative class members.  These materials are very likely relevant to the litigation of this claim.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.


                                        /s/Alexander H. Burke


12

# Exhibit A

## overview

**west** WEST Asset Management

### h i g h e r   e d u c a t i o n

West Asset Management, Inc. has the knowledge and expertise to proactively manage your debt collection services. Our solutions are designed to boost your recoveries and help reduce the number of overall delinquencies.

## Expertise.

West Asset Management has the knowledge and expertise to proactively manage your debt collection services. Our solutions are designed to not only boost your recoveries, but also help reduce the number of overall delinquencies.

## History of Service.

We provide comprehensive and effective collection and default prevention programs for the higher education community. We have the programs, custom solutions, and resources necessary to maximize debt recoveries and ensure the most effective portfolio management for our clients. Our combination of experience, technology, and financial stability sets us apart from the competition and is the reason many higher education entities choose West above all others.

Working closely with our clients, we develop customized default prevention and aversion programs with a focus on "borrower advocacy" that greatly reduces overall default rates. Our collection programs conform to all federal and state regulations and are designed to provide the highest possible recovery of delinquent accounts.

## Our Services.

Through our state-of-the-art collection centers located throughout the United States, we offer a complete range of prevention and recovery solutions including:

### Default Prevention
West Asset Management has a dedicated group for ensuring student borrowers do not enter a default status. We deliver in-depth borrower information, comprehensive default prevention reports, skip tracing services and cohort default projections, which allow our clients to maintain up-to-date knowledge of their cohort population. In addition, our clients have the option of engaging our services at any point during the student loan cycle.

### Third Party Collections – Primary, Secondary and Tertiary
At West Asset Management, we tailor our third party collections programs specifically to meet your needs. We incorporate letters and calling campaigns, skip tracing, credit bureau reporting and automated follow-up to collect all portfolios, including primary, secondary and tertiary placements. Our attention to customized work standards and collection process flows make it possible for us to rapidly recover more outstanding receivables.

W E S T   A S S E T   M A N A G E M E N T



## Our Advantages.

### Years of Proven Experience

At West Asset Management, we have over 15 years of higher education collection experience and the proven capability to deliver outstanding results. Our management team has extensive knowledge of the industry, monitors regulatory trends and responds rapidly to new developments.

### Recruiting & Training

We carefully screen all of our applicants and evaluate their skills, professionalism, and commitment. Once hired, West team members receive extensive training on the student loan cycle, borrower advocacy, and the legal regulations governing student loans.

Our team members are fully prepared to handle the unique aspects and requirements of their assigned portfolio type. Our associates learn the best approaches to help borrowers understand their options and determine the best method of resolution, including payment in full, rehabilitation, consolidation, deferment, or forbearance.

### Superior Technology

Our customized solutions are supported by state-of-the-art systems that are both secure and reliable. Our telecommunications infrastructure has the capacity and versatility to maximize borrower interaction and enhances productivity. Our system provides:

• An industry leading platform - Flexible Automated Collection System (FACS)
• Innovative scoring analysis
• State-of-the-art skip tracing techniques
• Predictive dialer capabilities
• Flexible data exchange capabilities
• Authorized client user electronic access to reports and borrower accounts

### Unmatched Stability

As a division of West Corporation, West Asset Management has the financial strength, technology and state-of-the-art facilities necessary to meet the evolving needs of today's higher education industry. We combine all our strengths to deliver superior quality and exceptional results for many of the nation's leading higher education institutions.

• Dedicated Client Service staff
• On-site IT staff
• Government Ombudsman

performance focused

0209